**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1407

TONYIA WHORTON; MICHELLE GUESSFORD; DAVID HUMPHRIES; JENNIFER S. WETZEL; LISA FISCHER; STEVEN L. WOODRING, JR.; CHAD KOLICH; GEORGE SHAFFER; GLENN R. DESHONG; CRAIG PERESCHUK; HOWARD FULLER; DARRIN STRAIT; RONALD J. COHOON; TRAVIS R. STONER; ADALBERTO RODRIGUEZ; JERRY DESHONG; MICHAEL L. MCCUSKER; EDWARD BULLETT; WILLIAM E. SMITH; SHARON L. REED; IDESTA L. MILLS; RONALD FAWLEY; JUDY BEATTIE; RANDY TAYLOR, JR.; MIRIAM RAMSEY; MONTE T. MELLOTT; HANK W. HOVERMALE; CHRISTOPHER D. MALOTT; FRANK VARADY; DUSTIN MINNICK; ROBERT HARRIS; TRACY PERRY; ANTHONY VALLAR; SUTTON MYERS,

                Plaintiffs – Appellants,

        and

KEVIN BARR; VINCENT FRENCH; GLADYS RUTH DOUGLAS,

                Plaintiffs,

        v.

VOLVO GROUP NORTH AMERICA, LLC; MACK TRUCKS, INC.,

                Defendants – Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, Senior District Judge. (1:19-cv-00413-CCB)

Submitted: February 28, 2023                    Decided: March 20, 2023

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Brian M. Maul, THE LAW OFFICE OF BRIAN M. MAUL, LLC, Frederick, Maryland, for Appellants.  Robert P. Floyd, III, CONSTANGY, BROOKS, SMITH & PROPHETE, LLP, Fairfax, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this appeal from the District of Maryland, several named plaintiffs — each an employee of defendants Mack Trucks, Inc. and Volvo Group North America, LLC (collectively, the "defendants") — challenge the adverse ruling of the district court awarding summary judgment to the defendants. *See Whorton v. Volvo Group N. Am., LLC*, No. 1:19-cv-00413 (D. Md. Mar. 14, 2022), ECF No. 59 (the "Decision"). Therein, the court rejected the plaintiffs' claim that the defendants had violated Section 3-503 of Maryland's Wage Payment and Collection Law ("MWPCL") by unilaterally deducting from the plaintiffs' paychecks mistaken overpayments for vacation benefits.

We review an award of summary judgment de novo. *See T.H.E. Ins. Co. v. Davis*, 54 F.4th 805, 818 (4th Cir. 2022). Relevant here, under Maryland law "an employer may not make a deduction from the wage of an employee unless it is authorized expressly in writing by the employee." *See* Decision 3. Notably, Section 3-501(c)(1) of the MWPCL "defines the term 'wage' as 'all compensation that is due . . . an employee for employment.'" *Id.* (quoting *Marshall v. Safeway, Inc.*, 88 A.3d 735, 745 (Md. 2014)).

Against this backdrop of Maryland legal principles, the district court recognized that, "[u]nder the language of the [MWPCL] and a survey of relevant case law," Section 3-503 "focuses on providing a remedy when employers refuse to pay *wages lawfully due*" its employees. *See* Decision 3 (emphasis added). To that end, the court reasoned that, in deducting from the plaintiffs' paychecks mistaken overpayments for vacation benefits, the defendants were "recouping amounts not due to the employees, but rather paid based on misinformation or mistake." *Id.* And because those overpayments had not been for "wages

3

lawfully due" the plaintiffs, the Decision ruled that the defendants were entitled to summary judgment on the plaintiffs' MWPCL claim. *Id.*

Having carefully assessed the record — including the various appellate submissions of the parties — we agree with the district court that the defendants' conduct in these circumstances was not in violation of Section 3-503 of the MWPCL. Put most simply, because the mistaken overpayments for vacation benefits were not "wages lawfully due" the plaintiffs under Maryland law, the court did not err in awarding summary judgment to the defendants. *See* Decision 3.[*]

Pursuant to the foregoing, we are satisfied to affirm the succinct and soundly reasoned Decision of the district court.

*AFFIRMED*

---

[*] Being satisfied to affirm because there was no violation of Section 3-503 of the MWPCL, we need not resolve whether that provision of Maryland law is preempted by federal law — that is, § 301 of the Labor Management Relations Act of 1947.